**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:   DYNAMO, LLC.

                                                    Chapter 11
                                                    Case No. 08-27675 (RTL)

        Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**OPINION**

**APPEARANCES:**

BROEGE, NEUMANN, FISHER & SHAVER
David E. Shaver, Esq.
Attorney for Movant

KELLY & BRENNAN, P.C.
Chryssa Yaccarino, Esq.
Attorney for Diane Cosola


**RAYMOND T. LYONS, U.S.B.J.**

**INTRODUCTION**

       The Debtor's former attorneys ("Movant" or "Law Firm") as unpaid administrative creditors filed a motion to reopen this chapter 11 case and to have the order of dismissal vacated because of an alleged fraud on the court.  The court finds that the former owner of the Debtor, Diane Cosola, did not mislead the court when her attorney advocated dismissal, rather than conversion to chapter 7.  She intended, as her attorney represented, to retake control of the limited liability company and operate the business as a going concern.  Her determination to sell the assets of the Debtor to a newly formed entity controlled by her brother was not made prior to

her representations to the court at the time of the hearing. There was no fraud. Movant's motions to reopen and to vacate the order of dismissal are denied.

## JURISDICTION

This court has jurisdiction over this contested matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring all proceedings arising under Title 11 of the United States Code to the bankruptcy court. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

## PROCEDURAL HISTORY AND FINDINGS OF FACT

This contested matter was commenced by the Movant's filing a motion to reopen a chapter 11 case that had been closed for nearly two years. Movant asks the court to vacate the order dismissing this chapter 11 case because it alleges that Diane Cosola, the former owner of Dynamo, LLC, misrepresented her intention to operate the business as a going concern and deal with all creditors if the court would dismiss the case. In accordance with FED. R. BANKR. P. 9014 and 9017, the court refused to decide the matter based upon the affidavits submitted in support and in opposition to the motion and set the matter down for an evidentiary hearing. The parties were afforded a period to conduct discovery and availed themselves of that opportunity. Transcripts of the depositions taken in discovery were admitted into evidence without objection, as were all of the documentary exhibits submitted in support of the motion. A hearing was held at which additional documentary evidence was presented and testimony was given by Diane Cosola, her bankruptcy attorney, both the attorneys for the buyer and seller in the asset sale described below, as well as the attorney with the Movant Law Firm who had represented the Debtor in this chapter 11 case. Pursuant to FED. R. BANKR. P. 9014, which incorporates Rule

7052, the court makes the following findings of fact.

The Debtor, Dynamo, LLC, filed a voluntary petition under chapter 11 of the Bankruptcy Code on September 16, 2008. Luciano Castiglione was listed as the sole equity security holder. The Debtor operated a pizzeria restaurant

The prior history of the company is as follows. Diane Cosola started the pizzeria restaurant in 2003. She leased the premises and outfitted it with new equipment, furniture, and fixtures. After several years of operation Ms. Cosola sold the assets of the business to new owners. She received a security interest in the assets to secure the deferred payment of the purchase price. Those new owners defaulted and surrendered the business to Ms. Cosola. On April 30, 2007 Ms. Cosola formed Dynamo, LLC to take back the assets of the pizzeria restaurant and operate the business. She had another pizzeria in another county and sought someone to purchase the business of Dynamo, LLC. On October 17, 2007, Mr. Castiglione purchased the membership interest in the limited liability company from Diane Cosola.

Part of the purchase price was deferred and evidenced by a promissory note. To secure his obligation under the promissory note, Mr. Castiglione pledged his membership interest in Dynamo, LLC. Less than a year after buying the business, Mr. Castiglione defaulted under the promissory note. Ms. Cosola started suit against Mr. Castiglione in the state court to obtain control of the membership interest in the company. Just prior to a hearing in the state court, the Debtor, represented by the Movant Law Firm, filed its petition in bankruptcy. The Law Firm advised the state court of the bankruptcy by the company and contended that the automatic stay should prevent that litigation from proceeding, even though the company was not a party to the state court litigation. The state court suggested that the parties obtain a determination from the bankruptcy court as to whether the automatic stay applied to the litigation between the two

non-debtors.

Accordingly, on October 21, 2008, Ms. Cosola filed a motion in this court for a determination that the automatic stay did not apply to her pending state court action against Mr. Castiglione.   The Debtor, represented by the Movant Law Firm, opposed the motion.   On November 10, 2008, the bankruptcy court granted Ms. Cosola's motion and determined that the automatic stay did not apply to her state court litigation against Mr. Castiglione.   An order to that effect was entered on November 18, 2008.   Subsequently, the state court rescheduled the hearing on her request to retake control of the limited liability company for January 16, 2009.

In the meantime, in the chapter 11 case, the United States Trustee formed a committee of unsecured creditors ("Unsecured Creditors' Committee").   That committee hired counsel.   The Debtor failed to comply with the U.S. Trustee Guidelines requiring, *inter alia*, the filing of monthly operating reports and the payment of quarterly fees to the United States Trustee. Consequently, on December 18, 2008, the United States Trustee filed a motion to convert the case from chapter 11 to chapter 7 or in the alternative to dismiss the case for failure to comply with the U.S. Trustee Guidelines.   No opposition to the motion was filed by any party in interest.

Ms. Cosola consulted with her bankruptcy attorney, Andrew Kelly, regarding the United States Trustee's motion.   Mr. Kelly advised Ms. Cosola that if the case were converted to chapter 7, a chapter 7 trustee would be appointed who would take some time to get acquainted with the case and then embark upon a liquidation of the assets of the Debtor, consisting primarily of used equipment, furniture, and fixtures in the pizzeria restaurant.   In the meantime, the restaurant would most likely not be operated by the trustee.   Alternatively, if the chapter 11 case were dismissed and Ms. Cosola were successful getting control of the company in state court,

she could immediately take over operation of the pizzeria restaurant. However, the creditors of Dynamo, LLC would retain their claims against the company after dismissal. Ms. Cosola accepted Mr. Kelly's advice and authorized him to request that Dynamo, LLC's case be dismissed.

On January 12, 2009, the attorney for the United States Trustee appeared in support of her motion and advised the court that the Debtor had no objection to conversion to chapter 7. Debtor's counsel agreed. Mr. Kelly, on behalf of Ms. Cosola, advocated dismissal rather than conversion because his client intended to operate the restaurant as a going concern, meaning that creditors, whose claims against the company would be preserved, had a better chance of being paid after dismissal than if a chapter 7 trustee liquidated the assets. Mr. Kelly represented that he had spoken to the attorney for the Unsecured Creditors' Committee who agreed that dismissal was preferable. The court, likewise, agreed that dismissal was in the best interest of creditors and granted the U.S. Trustee's motion to dismiss the chapter 11 case.

On January 16, 2009, Ms. Cosola returned to state court with her attorney. Mr. Castiglione appeared without an attorney. The state court ordered that control of Dynamo, LLC be returned to Ms. Cosola. After the court proceedings were completed, Ms. Cosola went to the pizzeria restaurant. She found that the restaurant had been out of operation for several days. No food or other supplies were on the premises. She was distraught at the condition of the restaurant and reached out for financial assistance from her brother, Michael Cosola. That same day Diane Cosola contacted a restaurant equipment vendor who came immediately to appraise the contents of the pizzeria restaurant. The furniture, fixtures, and equipment were the same that Ms. Cosola had purchased when she opened the restaurant in 2003. The vendor issued a written itemization of the contents of the restaurant and ascribed a value to each particular item, for a total value of

$28,950.75. Ms. Cosola's brother, Michael Cosola, agreed to invest $30,000 in the restaurant. Immediately he came up with $10,000 and went about raising the additional funds. He went to a stationary store and obtained a blank form of a bill of sale. Ms. Cosola contacted a service bureau to form a new limited liability company named One Moe Time, LLC on January 16, 2009. She wanted to establish a fresh start for the restaurant following Mr. Castiglione's ownership and to give her brother a new vehicle for his investment. Mr. Cosola filled out the form bill of sale, that Diane Cosola signed as of January 16, 2009, for Dynamo, LLC to transfer all of its assets to One Moe Time, LLC for $30,000. That form bill of sale was witnessed by an employee of the pizzeria.

Ms. Cosola used the temporary financing from her brother to resupply the restaurant, hire employees for One Moe Time, LLC, and put the restaurant back in operation immediately after January 16, 2009. Although the certificate of formation for One Moe Time, LLC names Diane Cosola as the sole member, she quickly resigned, and Michael Cosola became the only member of One Moe Time, LLC. Thereafter, her brother remained a passive investor in the restaurant business. Ms. Cosola owns another pizzeria restaurant in a different part of the state and does not conduct the day-to-day operations of One Moe Time, LLC; however, she does perform the administrative functions for the company such as ordering from vendors, paying bills, processing payroll, and filing tax returns.

On or about January 30, 2009, Diane Cosola contacted her corporate attorney and requested that he represent her and Dynamo, LLC in connection with the sale of assets to One Moe Time, LLC, a new company owned by her brother. The attorney, who had represented Diane Cosola in the past, had also represented Michael Cosola in his business dealings. Therefore, that attorney referred Michael Cosola to another attorney to represent him in the

transaction.  An Asset Purchase Agreement was drafted and revised between the attorneys for the buyer and seller and subsequently signed.  Although the document had been drafted in the early part of February 2009, it was dated January 16, 2009 — the date that Ms. Cosola gained access to the restaurant premises after the decision by the state court to reinstate her to control of Dynamo, LLC.  Both the attorneys for the buyer and seller as well as Ms. Cosola testified at the hearing.  None of them could remember filling in the date of January 16, 2009 in the Asset Purchase Agreement, but all agreed that it must have been signed no earlier than February 4, 2009. Clearly, the Asset Purchase Agreement was not signed on January 16, 2009.

The Asset Purchase Agreement has a specific provision reciting that Dynamo, LLC had recently been dismissed from a bankruptcy case and that claims might be made against the purchaser.  The agreement specifically describes a threat by the Movant to sue for attorney's fees.  The parties agreed that the proceeds of sale would be used to pay tax obligations, rent arrears, and legitimate creditors of Dynamo, LLC.

The purchaser's attorney undertook due diligence including notifying the State of New Jersey, Division of Taxation of the proposed asset sale.  The closing was held in the office of the purchaser's attorney on March 9, 2009.  In attendance were Michael Cosola and his attorney on behalf of the purchaser, and Diane Cosola and her attorney on behalf of the seller.  Various closing documents were signed and exchanged including a bill of sale dated March 9, 2009 (despite the fact that the stationary store form of bill of sale had been signed as of January 16, 2009).  Some of the closing documents reference the Asset Purchase Agreement dated as of January 16, 2009 although all participants knew that the agreement had been drafted and signed well after that date. Both attorneys wrote a memorandum to their clients advising them of possible claims against the purchaser by creditors of Dynamo, LLC, including the Movant Law

Firm, state and federal tax authorities, and utilities providers. The clients represented that the purchase price equaled the fair market value of the assets and agreed to indemnify their lawyers for any claims by creditors of Dynamo, LLC. The purchaser paid the balance of the purchase price, $20,000, into the trust account of the purchaser's attorney. Some minor closing expenses were disbursed and the balance of $17,092.80 was to be held for the payment of taxes owed by Dynamo, LLC. In order to obtain prior tax records for Dynamo, LLC the attorney disbursed $650 to the company's former accountant to satisfy her bill. After the closing, the New Jersey Division of Taxation notified the purchaser's attorney that Dynamo, LLC owed state taxes. The purchaser's attorney disbursed $9,204.80 to the State of New Jersey to satisfy the tax obligations of Dynamo, LLC. The balance in his trust account was $7,238.00. Ms. Cosola paid the United States Trustee $650 for the quarterly fees that Dynamo, LLC had failed to pay during the chapter 11 case.

In order to reopen the restaurant, Diane Cosola contacted the utility supplier for electricity and gas and arranged to have new accounts opened in the name of One Moe Time, LLC. The electric company did not require payment of the outstanding bill due from Dynamo, LLC; however, the gas company did, and Ms. Cosola arranged to pay the outstanding invoice from the gas company. In addition, Ms. Cosola contacted the landlord. Incidentally, Ms. Cosola had personally guaranteed the lease that had been negotiated when she first opened the restaurant.. Her guarantee remained in place despite her having sold the membership interest to Louis Castiglione. Ms. Cosola contacted the landlord and determined that rent had been paid by Dynamo, LLC through December 2008. She arranged to pay the rent for January 2009 and subsequently. She also arranged to have the lease transferred to One Moe Time, LLC.

On its bankruptcy petition, Dynamo, LLC had listed a number of vendors as unsecured

creditors. One Moe Time, LLC and Ms. Cosola at her other pizzeria restaurant continued to do business with all of those vendors, save one, after January 16, 2009. Within the first year after dismissal of the bankruptcy case only one vendor contacted Ms. Cosola and demanded payment. Ms. Cosola settled that claim and arranged for the agreed amount to be paid from the escrow fund established at the closing. The balance of the escrow fund was paid to Ms. Cosola's bankruptcy attorney. More than a year after the bankruptcy case was dismissed, another creditor of Dynamo, LLC commenced suit in state court against Diane Cosola, Michael Cosola, and One Moe Time, LLC as well as the attorney that had represented the seller in the asset sale. She negotiated a settlement with that creditor as well and paid that amount from her own funds. All creditors of Dynamo, LLC, with the exception of the Movant Law Firm, have either been paid or have not pursued their prepetition claims because they have continued to do business with the new entity owned by Michael Cosola and the other restaurant operated by Diane Cosola.

Following the dismissal of the bankruptcy case, the Movant Law Firm submitted a bill for its legal services to Dynamo, LLC. Ms. Cosola objected and questioned the reasonableness of the bill and the value of the services rendered. After waiting more than a year, the Law Firm initiated a collection action in the Superior Court of New Jersey, Special Civil Part on July 13, 2010. Dynamo, LLC filed an answer and a counterclaim alleging attorney malpractice. Through discovery in the state court litigation, the Movant Law Firm obtained a copy of the stationary store form of bill of sale that had been signed on January 16, 2009. Based upon that, and other information, the Movant Law Firm alleges that Diane Cosola intended to transfer the assets of Dynamo, LLC as soon as she obtained control of the membership interest. The Movant contends that her intent was contrary to the representation she made before the bankruptcy court that if the case were dismissed she intended to regain control of the company,

operate the pizzeria restaurant as a going concern, and satisfy all creditors of Dynamo, LLC. Notice of motion was given to all creditors, the former attorney for the Unsecured Creditors' Committee, and the United States Trustee.  No one else has supported the motion to reopen this chapter 11 case and convert it to chapter 7.

## DISCUSSION

In seeking relief, Movant relies upon FED. R. CIV. P. 60(d)(3), as incorporated by FED. R. BANKR. P. 9024, for fraud on the court.[1]  The legal standard to establish fraud upon the court in the Third Circuit is "very demanding." *Miller v. Greenwich Capital Fin. Prods. (In re Am. Bus. Fin. Servs.)*, 361 B.R. 747, 754 (Bankr. D. Del. 2007) (citing *Herring v. United States*, 424 F.3d 384, 389 (3d Cir. 2005)). "To prove fraud upon the court the Trustee must establish: '(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court.'" *Id*. (citing *Herring*, 424 F.3d at 290). The first element requires proof of common law fraud, i.e. a material misrepresentation of fact or law, with knowledge of the falsity, intent to deceive, justifiable reliance and damages.  *See Field v. Mans*, 516 U.S. 59, 68-70 (1995) (holding that statutory use of the term fraud incorporates the common law definition, and then turning to the Restatement of Torts for a "distillation" of that definition); *see also Araps v. DeBaggis (In re DeBaggis)*, 247 B.R. 383, 389 (Bankr. D.N.J. 1999) (parsing the Restatement of Torts for the elements of fraud).

The court has heard the testimony of Diane Cosola, her bankruptcy attorney, and the attorneys for the buyer and seller in the asset purchase by One Moe Time, LLC from the Debtor

---

[1] While Movant's allegations might also give rise to relief under FED. R. CIV. P. 60(b)(3), for fraud more generally, subsection (c)(1) of that rule limits relief under subsections (b)(3) to a one-year post-judgment period.  The instant motion was filed more than a year after the judgment at issue.

Dynamo, LLC. The court has found their testimony to be credible, truthful, and accurate. Ms. Cosola, understandably, displayed some pique at the Movant for dragging her back and forth between state court and bankruptcy court, but overall her demeanor was that of a witness trying her best to give an honest recounting of events that took place two years ago.

On January 12, 2009, when Diane Cosola represented to the bankruptcy court, through her attorney, that she intended to continue the operation of the pizzeria restaurant as a going concern and would deal with the creditors of the Debtor, that was true. Her later decision to form a new entity, funded and owned by her brother, was made on January 16, 2009, after she discovered the deteriorated condition of the business and sought funding from her brother. All creditors of Dynamo, LLC have either been paid an agreed amount or have chosen not to pursue their claims because of their ongoing business relationships with Diane Cosola and One Moe Time, LLC. The only exception is the Movant Law Firm that is pursuing its contested claim in state court. There was no fraud on this court in connection with the decision to dismiss the chapter 11 case rather than convert the case to chapter 7. The evidence presented in connection with this motion only confirms that the decision was correct and that creditors have fared better than if the case had been converted to chapter 7. The lack of support for this motion to reopen the case and vacate the order of dismissal by any other creditor, the United States Trustee, or the former attorney for the Unsecured Creditors' Committee lends credence to that decision.

Thus, Movant has failed to establish, under any standard (preponderance of the evidence or clear and convincing proof), a misrepresentation of Ms. Cosola's intent at the hearing where the case was dismissed. Furthermore, even if Ms. Cosola misrepresented her intent to her attorney (which the court does not believe to have been the case), she is not an officer of the court. Accordingly, the court affirmatively finds that Mr. Kelly, her attorney, made no knowing

misrepresentation.

## **CONCLUSION**

The motions to reopen this chapter 11 bankruptcy case and to vacate the order of dismissal are denied because the court finds there was no fraud.

Dated:        May 24, 2011                    **/S/Raymond T. Lyons**
                                              United States Bankruptcy Judge